JS-6

HEATHER M. McKEON, ESQ.; STATE BAR NO.:  186414
Email:  hmckeon@tharpe-howell.com
EDUARDO M. OSORIO, ESQ.; STATE BAR NO.: 323924
Email:  eosorio@tharpe-howell.com

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**

Attorneys for Defendant,
STATE FARM GENERAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – Western Division

| | |
|---|---|
| JEFFREY COOPER,<br><br>                    Plaintiff,<br><br>v.<br><br>STATE FARM GENERAL INSURANCE COMPANY and DOES 1 through 25, inclusive,<br><br>                    Defendants. | Case No. CV 23-9688-GW-JPRx)<br>[LASC Case No.: 23SMCV04689]<br>Complaint Filed:  October 3, 2023<br><br>**ORDER GRANTING THE PARTIES' STIPULATION TO REMAND TO STATE COURT**<br><br>District Judge George H. Wu<br>Magistrate Judge Jean P. Rosenbluth |

The Court, having read and considered the parties' Stipulation to Remand, hereby ORDERS as follows:

## I.    BACKGROUND

On October 3, 2023, Plaintiff JEFFREY COOPER ("Plaintiff") filed a Complaint for breach of duty of good faith and fair dealing, breach of contractual duty to pay a covered claim, and financial elder abuse against Defendant State Farm General Insurance Company ("State Farm") in the Superior Court for the State of California, Couty of Los Angeles, Case No. 23SMCV04689. Plaintiff's Complaint concerns allegations of contractual and extra-contractual damages related to policy benefits arising from an incident that occurred on or about March 19, 2019, at

Plaintiff's residence located at 6015 Galahad Road, Malibu, California 90265. On November 15, 2023, State Farm timely removed this matter to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, and 1441.

On December 21, 2023, Plaintiff filed a First Amended Complaint and an Amendment to Complaint Naming Doe 1 as Defendant Vernon Roske ("Roske"), a State Farm claims adjuster. The First Amended Complaint alleges causes of action for breach of verbal contract, negligence, and financial elder abuse against Vernon Roske based on Roske's handling of the claim. The parties agree that, as pled, the First Amended Complaint does not contain a cognizable legal theory against Roske, subjecting Roske to dismissal from the First Amended Complaint with prejudice as to the alleged causes of action. Plaintiff intends on filing an amendment adding a cause of action for negligent misrepresentation against Roske and seeking remand to state court. Because such a claim is legally conceivable against an insurance adjuster and the factual allegations of the complaint taken as true would make Roske a proper defendant, the parties agree that complete diversity will no longer exist in this matter, and that subject matter jurisdiction will no longer exist.

Accordingly, the parties request an order from this Court dismissing Roske from the First Amended Complaint and remanding the case to the Los Angeles County Superior Court of California, Case No. 23SMCV04689. The parties have agreed that with such remand, Plaintiff will not add Vernon Roske, or any State Farm agent, adjuster, team manager, or other representative or employee as a defendant in this action. The parties have further agreed that State Farm will not attempt to remove the matter to federal court a second time.

## II.   ANALYSIS

United States Code, Title 28, Section 1447(c), provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*."  (Emphasis added).  Because complete

[PROPOSED] ORDER GRANTING THE PARTIES' STIPULATION TO REMAND TO STATE COURT

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

1  diversity will no longer exist, this Court lacks subject matter jurisdiction and must,

2  therefore, remand the case to state court pursuant to 28 U.S.C. § 1447(c).  *See Bruns*

3  *v. NCUA* 122 F.3d 1251, 1257 (9th Cir. 1997) ("Section 1447(c) is mandatory, not

4  discretionary.")

5  ### III.   ORDER OF THE COURT

6      Based on the foregoing, this Court ORDERS that:

7      1.    Pursuant to the parties' Stipulation, because the First Amended

8  Complaint as pled does not allege a legally cognizable cause of action against Roske,

9  Roske is dismissed from this action.

10     2.    As complete diversity will no longer exist if Plaintiff files an amended

11 complaint adding a negligent misrepresentation cause of action against Roske as

12 intended, this Court will no longer have subject matter jurisdiction and this

13 Litigation, Federal Case No. 2:23-cv-9688 GW-JPRx), is hereby remanded to the

14 Superior Court for the State of California, County of Los Angeles, Case No.

15 23SMCV04689.

16     3.    All pending dates in the Federal action are hereby vacated.

17     4.    Plaintiff is not to name Vernon Roske, or any agent, adjuster, team

18 manager, or other representative or employee of State Farm, as a defendant in this

19 action or any action related to the rights and damages that are the subject of the First

20 Amended Complaint.

21     5.    This Order shall be accorded full force and effect in the Superior Court

22 of the State of California, County of Los Angeles, Case No. 23SMCV04689.

23

24     IT IS SO ORDERED.

25  Dated:  January 11, 2024

26  _____
    HON. GEORGE H. WU,
27  UNITED STATES DISTRICT JUDGE

28

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

[PROPOSED] ORDER GRANTING THE PARTIES' STIPULATION TO
REMAND TO STATE COURT